IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS SCOT EDVALSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:22-CV-158-TES-MSH |
| VS. | : | |
| | : | |
| CALEB MCCLAIREN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Pending before the Court is Plaintiff's motion to compel (ECF No. 44) Defendant Chaney to provide information necessary to determine the identity of two potential John Doe defendants. The first is an officer ("John Doe #1") who was working in Plaintiff's dorm at Dooly State Prison ("DSP") the night he claims his cellmate sexually assaulted him. In his amended Complaint, Plaintiff alleged he informed John Doe #1 that his cellmate had threatened to rape him, but the officer failed to prevent the attack. Am. Compl. 3-4, 7-8, ECF No. 8. He described John Doe #1 as "a young man, likely no older than 30, who was white or perhaps white Hispanic with average height and build, perhaps 170 lbs. [who] worked the night shift on August 8, 2018, closing the cell doors at 11:30 p.m. in Plaintiff's dorm G2." *Id.* at 2. On preliminary screening, the Court did not allow his claims against John Doe #1 to proceed, noting that fictitious pleading was not allowed in federal court and that Plaintiff had failed to describe John Doe #1 with sufficient specificity to allow service. Order & R. 7, Sept. 19, 2022, ECF No. 9; Order 1-2, Oct. 11,

1022, ECF No. 20 (adopting recommendation). The Court, however, advised Plaintiff that he could move to amend his complaint if discovery revealed John Doe #1's identity. Order & R. 8, Sept. 19, 2022.

Plaintiff asked two interrogatories to Defendant Chaney to attempt to identify John Doe #1. Interrogatory number one asked Chaney to "[i]dentify [the] officer(s) who worked in, or passed through, dorm G2 at [DSP] during the night shift of August 8th, 2018." Pl.'s Attach. 5, at 2, ECF No. 44-5. In her response, Chaney stated she did not know the answer to the question, she did not typically work night shift and had no familiarity with the officers who worked that shift, and the interrogatory asked her to remember who worked one night more than four years earlier. *Id.* She added that if the Georgia Department of Corrections ("GDC") was able to locate the G2 logbook for that night, she would produce it. *Id.*

In interrogatory number two, Plaintiff asked Chaney to "[i]dentify [the] officers who worked in inmate dormitories at [DSP] during the night shift of August 8th, 2018 and match the description of John Doe #1 in Plaintiff's complaint." *Id.* Plaintiff then referred to his description of John Doe #1 in the amended complaint. *Id.* In response, Chaney largely repeated her response to interrogatory number one, except that she added the description provided was "too generic to be unhelpful [sic] in identifying any officer." *Id.* at 2-3.

In his motion to compel, Plaintiff argues Chaney has access to the prison records and can obtain the information sought. Pl.'s Br. in Supp. of Mot. to Compel 4, ECF No. 44-3. Chaney responds she requested GDC provide logbooks and duty rosters from the night in question, but that they were no longer available after five years. Def.'s Resp. to

Mot. to Compel 1-2, ECF No. 46.  Nevertheless, defense counsel states GDC has "recently developed the ability to, at least somewhat, recreate duty rosters from digitally stored information and this will be provided to Plaintiff." *Id.* at 2.  Neither party has updated the Court as to whether this information has been provided to Plaintiff.

Certain things are clear to the Court.  The first is that if Plaintiff's allegations in the amended complaint about John Doe #1 are true—which the Court must assume they are—then they are adequate to state a claim for failure-to-protect if the officer can be identified.  Second, Plaintiff is clearly entitled to reasonable discovery to identify John Doe #1.  Third, Chaney does not contest that she is able to obtain information from the GDC, and the Court notes that she is represented by the Georgia Attorney General's office.  Fourth, defense counsel has made a diligent effort to obtain information helpful to Plaintiff's efforts to identify John Doe #1.  The question for the Court is whether more is required.  The Court concludes that it is.

Defense counsel indicates the GDC may be able to recreate a duty roster from the night in question.  If this is accurate, then it would presumably be possible for GDC to determine which officers on the roster are white or Hispanic and match the general age range of John Doe #1.  Further, it may be possible that GDC has photographs of these officers which could be produced to Plaintiff.  The Court does not believe this is an unreasonable burden, especially considering the seriousness of the allegations made by Plaintiff.  *See Welsh v. Lubbock Cnty.*, No. 5:19-CV-00255-H, 2022 WL 18860923, at *3 (N.D. Tex. Dec. 12, 2022) (dismissing claim against unknown defendant after non-party Sheriff produced photos of individual matching his description and concluding requiring

the non-party to do more would be unduly burdensome).  At least the effort should be made, and defense counsel should report back to the Court within **TWENTY (20) DAYS** whether information consistent with the above can be obtained and produced to Plaintiff.[1]

The second John Doe defendant ("John Doe #2") Plaintiff is attempting to identify is an unknown GDC official who denied the appeal of a grievance.  Am. Compl. 2, 6-7.  In interrogatory number three, he asked Chaney to identify this official.  Pl.'s Attach. 5, at 3.  Chaney responded she did not know.  *Id.*  Plaintiff's motion to compel as to this interrogatory is denied.  The Court has already ruled Plaintiff cannot state a claim for denial of a grievance, and he does not show how the identity of this official is otherwise relevant.  Order & R. 8 n.2, 10-11, Sept. 19, 2022; Order 1-2, Oct. 11, 1022 (adopting recommendation).

SO ORDERED, this 25th day of May, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] To allow time to see if this information can be obtained and produced to Plaintiff, the discovery period is extended through and including July 17, 2023, with dispositive motions due August 16, 2023.