**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **THOMAS SCOT EDVALSON,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**CALEB McCLAIREN, *et al.*,**<br><br>***Defendants.*** | **CIVIL ACTION NO.<br>5:22-cv-00158-TES-AGH** |

**ORDER ADOPTING THE UNITED STATES
MAGISTRATE JUDGE'S RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 120] to grant summary judgment to Defendants Atchison, Baker, Burse, Chaney, Daniels, and McClairen. *See* [Doc. 112]. Plaintiff filed Objections [Doc. 121]; therefore, the Court reviews the Recommendation *de novo*. 28 U.S.C. § 636(b)(1).

**DISCUSSION**[1]

Plaintiff objects to Judge Helmick's conclusions on several fronts. First, as to Officer Baker, Plaintiff contends that Judge Helmick erred by "concluding Plaintiff's communications to Officer Baker was 'too vague' to establish subjective knowledge." [Doc. 121, p. 1

[1] This case involves Plaintiff's unfortunate sexual assault during his time at Dooly State Prison. [Doc. 120, p. 3]. Plaintiff alleges that he told an officer—Defendant Baker—that Plaintiff's roommate was "forcibly keeping [him] in [the cell]." [*Id.* at p. 5]. Following that encounter, Plaintiff attempted again to leave the cell, and then Porter—Plaintiff's roommate—stopped Plaintiff from leaving and sexually assaulted him. [*Id.*]. Following the incident, Plaintiff reported the assault to other officers, who then investigated and treated Plaintiff's injuries. [Id. at p. 6]. Officers placed Plaintiff in protective custody to allow his injuries to heal. [*Id.* at p. 7]. Plaintiff then filed this suit following his transfer to Augusta Medical Prison. In this action, Plaintiff alleges claims of failure to protect and retaliatory transfer.

(capitalization altered)]. Second, Plaintiff argues Judge Helmick failed to "properly consider causation regarding Officer Baker." [*Id.* at p. 5]. Next, as to the supervisory Defendants, Plaintiff contends that Judge Helmick used disputed facts and disregarded Plaintiff's evidence of misclassification. [*Id.* at p. 7]. Plaintiff also argues that Judge Helmick applied the wrong causation standard regarding the supervisory Defendants. [*Id.* at p. 8]. Finally, as to his retaliation claim, Plaintiff asserts that Judge Helmick disregarded the circumstantial evidence of retaliation. [*Id.* at p. 14].

As to Judge Helmick's conclusion regarding Plaintiff's communications to Officer Baker, the Court agrees that Plaintiff's statements were too vague to create liability. Indeed, as Judge Helmick explained, "When Plaintiff spoke with Baker, he did not tell Baker that Porter had threatened to rape him." [Doc. 120, p. 15]. By Plaintiff's own words, "all Plaintiff told Baker concerning the threat posed by Porter was that Porter was 'not letting me leave my cell' and that if Plaintiff was not 'outside the cell' after packing his belongings, 'something wrong is happening there. He's forcibly keeping me in there.'" [*Id.*]. Those communications, though, do not lead to a reasonable inference that Porter would eventually sexually assault Plaintiff. As Judge Helmick correctly points out,

> In order to show deliberate indifference, Plaintiff must present evidence that Baker had a *subjective* knowledge of a risk of *serious* harm. However, telling Baker that Porter was not letting him leave his cell—after he had just in fact left it—without any specific information about threats is insufficient to constitute notice of false imprisonment.

[*Id.* at p. 16]. Plaintiff argues that Officer Baker's actions of nodding his head form some sort of subjective awareness. [Doc. 121, p. 3]. However, Officer Baker's acknowledgment of Plaintiff's

generalized statements does not create a subjective awareness of the threat of sexual assault.[2] Therefore, the Court agrees with Judge Helmick's conclusion that Officer Baker is entitled to summary judgment.

As to the supervisory Defendants, Judge Helmick concluded that "Even assuming Plaintiff's contentions [regarding widespread abuse in the Georgia Department of Corrections] are true, though, he fails to show a causal link between the Defendants' actions, these deficiencies, and his injuries." [*Id.* at pp. 20–21]. Indeed, as Judge Helmick noted, "By his own admission, [Plaintiff] cannot attribute the failure to stop the assault to a lack of staff as opposed to the failure of staff on duty to check his window." [*Id.* at p. 22]. Further, "Plaintiff does not allege he called out for help during the assault or otherwise attempted to get a guard's attention, so he also fails to tie that particular concern to his case." [*Id.*]. In the end, Plaintiff failed to tie any DOC policy or regulation as the cause of his attack. Plaintiff's Objections on this point don't move the needle, either. Sure, Plaintiff offers anecdotes about other potential assaults he heard about, but that is not evidence sufficient to put these specific Defendants on notice of a general problem within the prison.

As to Plaintiff's retaliation claim, Judge Helmick concluded that although Plaintiff told McClairen about the assault and filed grievances about it, "McClairen avers he was not involved in the decision to transfer Plaintiff, and the record is devoid of evidence to the

[2] The Court need not address Plaintiff's claim that Judge Helmick applied the wrong subjective-awareness standard because such an allegation is incorrect. [Doc. 121, pp. 3–4].

contrary." [*Id.* at p. 26]. Once again, Plaintiff's Objections on this point do not change the analysis laid out by Judge Helmick's well-reasoned Recommendation.[3]

## CONCLUSION

Having considered the Recommendation, the Court finds no enumeration of error and agrees with the findings and conclusions of the United States Magistrate Judge. Therefore, the Court **OVERRULES** Plaintiff's Objections [Doc. 121] and **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 120] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment [Doc. 112]. The Clerk of Court is **DIRECTED** to **ENTER Judgment** and **CLOSE** this case.

**SO ORDERED**, this 27th day of March, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

[3] Although Judge Helmick did not reach the point, the Court finds it necessary to note that Plaintiff also failed to overcome each Defendants' entitlement to qualified immunity. As Defendants argue in their Response [Doc. 122] to Plaintiff's Objections, "No case clearly established that a correctional officer is deliberately indifferent to a substantial risk of harm when told only that an inmate needs to move to another cell. No clearly established law held supervisory officials liable for failure to protect based on the slight sexual assault history presented here . . . No one has been held liable for retaliation when they did not participate in the retaliatory action." [Doc. 122, pp. 4–5 (citing *Carter v. Gallaway*, 352 F.3d 1346 (11th Cir. 2003) and *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005))]. Therefore, even assuming the Court is wrong in its merits analysis, Defendants are entitled to qualified immunity.